UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| **JAMES W.D. WILLIAMS, IV,** | ) | **CASE NO.: 1:18-cv-00518** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE Michael R. Barrett** |
| | ) | |
| **vs.** | ) | |
| | ) | **DEFENDANTS' RESPONSE IN** |
| **WALMARTS PRESIDENT, et al.,** | ) | **OPPOSITION TO PLAINTIFF'S** |
| | ) | **MOTION FOR EXTENSION OF TIME** |
| **Defendants.** | ) | **TO FILE RESPONSE IN OPPOSITION** |
| | ) | **TO DEFENDANTS' MOTION TO** |
| | ) | **COMPEL AND MOTION FOR** |
| | ) | **PROTECTIVE ORDER (DOC. 15)** |

Now come Defendants, by and through counsel, and submit the following Response in Opposition to Plaintiff's Motion for Extension of Time to File Response in Opposition to Defendants' Motion to Compel and Motion for Protective Order (Doc. 15):

Plaintiff has moved for an extension of time to respond to Defendants' Motion to Compel[1] and Motion for Protective Order (Doc.10). (Plaintiff's Motion for Extension of Time to File Response in Opposition to Defendants' Motion to Compel and Motion for Protective Order, Doc. 15 at 1, PID101). Plaintiff asserts he is unable to respond because he cannot access the law library, law books, copies, research, real pencils or pens, typewriters, and computers etc. (*Id*. at 2, PID 102).

Defendants recognize that Plaintiff is proceeding in this matter *pro se*. Nevertheless, *pro se* litigants are held to the same standards as other litigants when it comes to easily understood deadlines, rules, and procedures. *See Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

---

[1] It should be noted that Defendant did not file a Motion to Compel. Defendant assumes that Plaintiff is referring to a "Reply in Support of Motion to Compel" because it is Plaintiff that filed a Motion to Compel and not Defendant.

In view of the Motions filed by Plaintiff (Docs. 14, 15), it does not appear that he is unable to respond because he exercised his capability to respond to Motions by filing two motions for an extension of time during the period he was allegedly deprived of access to the law library and materials. *See Mayes v. Province*, 353 F. App'x 100, 105 (10th Cir. 2009) (pro se prisoner alleging denial of access to the law library and materials, but also filing numerous motions, does not impede timely filing of motions).

The minimum required to constitute an impedance to timely file motions is when a *pro se* prisoner does not have the "means to 'adequately prepare and file the necessary legal documents.'" *Britford v. Collins*, No. 2:07-cv-306, 2010 U.S. Dist. LEXIS 29982, at *6 (S.D. Ohio Mar. 26, 2010) (citing *Eberle v. Wilkinson*, No. 2:03-CV-272, 2005 U.S. Dist. LEXIS 46296 (S.D. Ohio Aug. 17, 2005)). Obviously, Plaintiff has the means to adequately prepare and file the necessary legal documents because he filed two Motions during the time he alleges that he could not respond to other Motions.

For the foregoing reasons, Defendants' respectfully ask this Court to deny Plaintiff's Motion for Extension of Time to File Response in Opposition to Defendants' Motion to Compel and Motion for Protective Order (Doc. 15).

    Respectfully submitted,

    **REMINGER CO., L.P.A.**

    /s/ Carrie M. Starts
    Carrie M. Starts, Esq. (0083922)
    525 Vine Street, Suite 1700
    Cincinnati, OH 45202
    PH: 513-721-1311
    FX: 513-721-2553
    Email: cstarts@reminger.com
    ***Attorney for Defendants***

**CERTIFICATE OF SERVICE**

A copy of the foregoing was mailed by regular U.S. mail this 19th day of September, 2018

to:

James W.D Williams IV
#2018-3962
4700 East Filager Road
Batavia, Ohio 45103

/s/ Carrie M. Starts
Carrie M. Starts, Esq. (0083922)