UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES W.D. WILLIAMS, IV,
    Plaintiff,

vs

WALMART'S, PRESIDENT, et al.,
    Defendants.

Case No. 1:18-cv-518

Barrett, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Pro se plaintiff, an inmate at the Clermont County Jail, filed the above-captioned action in the Hamilton County Court of Common Pleas on June 26, 2018, against "Walmarts, President" "Walmarts, Vice President," "Walmarts, Store Security Officers," "Walmarts, Store Management," "Walmarts, Store Cashier," and "John/Jane Does 1-10." (Doc. 2). Plaintiff alleges that he was mistakenly stopped for shoplifting at a Wal-Mart store in Cincinnati.[1] He asserts state law claims of "Wrongful or Illegal Detainment," "Negligence," "Slander," and "Defamation of Character" and a federal claim of "Cruel and Unusual Punishment." (Doc. 2, at PageID 25). Defendants Wal-Mart's President, Wal-Mart's Vice President, Wal-Mart's Store Security Officers, Wal-Mart's Store Management, and Wal-Mart's Store Cashier filed a Notice of Removal of the action to the United States District Court on July 26, 2018, based on federal question jurisdiction for the federal claim, 28 U.S.C. § 1331, and supplemental jurisdiction for the state law claims, 28 U.S.C. § 1367. (Doc. 1, at PageID 2; Doc. 1-5, at PageID 21).

This matter is before the Court for a *sua sponte* review of the Notice of Removal, which the Court construes as a petition for removal of a state court action to this federal court, to determine whether the Court has jurisdiction over this matter. *See* 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3).

---

[1] It appears that plaintiff is currently incarcerated at the Clermont County Jail on unrelated charges.

**I.     Removal**

Removal is governed by 28 U.S.C. § 1441 which provides in relevant part: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Thus, "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The defendant carries the burden of showing that removal is proper and that the federal court has original jurisdiction to hear the case. *See Village of Oakwood v. State Bank and Trust Co.*, 539 F.3d 373, 377 (6th Cir. 2008); *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453-54 (6th Cir. 1996). The removal statute is to be strictly construed and where jurisdiction is in doubt, the matter should be remanded to the state court. *See Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999).

To remove a civil action from state court to federal court, a defendant must file in the district court a notice of removal containing a short and plain statement of the grounds for removal, along with a copy of all pleadings and orders served upon the defendant, within thirty days of receiving the complaint or summons, or within thirty days of receiving an amended pleading, motion, order, or "other paper" from which the removability of the action may first be ascertained. 28 U.S.C. § 1446(a), (b). A case may be remanded at any time prior to final judgment if it appears the federal court lacks subject matter jurisdiction over the case. 28 U.S.C. § 1447(c).

This Court finds that removal was proper in this case. Defendants Wal-Mart's President,

2

Wal-Mart's Vice President, Wal-Mart's Store Security Officers, Wal-Mart's Store Management, and Wal-Mart's Store Cashier[2] state that they received a copy of plaintiff's complaint on June 30, 2018. (Doc. 1, at PageID 1).[3] They filed their Notice of Removal on July 26, 2018, within the thirty-day time limit imposed by 28 U.S.C. § 1446(a), (b). Further, plaintiff's complaint raises a federal question by asserting, pursuant to 42 U.S.C. §§ 1981, 1982, 1983 and 1985, that he was subjected to "cruel and unusual punishment." *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987) (applying the "well-pleaded complaint" rule to determine whether a claim arises under federal law). *See also Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983) (applying "well-pleaded complaint" rule to "those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law"). Where a case is removed because of a federal question, a federal district court acquires subject matter jurisdiction over supplemental state law claims under 28 U.S.C. § 1367(a).

Accordingly, and in the absence of any objection from plaintiff, the Court finds it has subject matter jurisdiction to consider the matter and that it is removable from state court.

**II.    Analysis**

Having found that removal is proper, this matter is now before the Court for a s*ua*

---

[2]Although the John-Doe defendants did not join in the Notice of Removal, "the general rule that all defendants must join in a notice of removal may be disregarded where, as here, the non-joining defendants are unknown." *Green v. America Online*, 318 F.3d 465, 470 (3d Cir. 2003).

[3]Defendants dispute that proper service of process was effectuated in this case. (Doc. 1, at PageID 1). Because this Court finds that dismissal of plaintiff's federal claim is appropriate on other grounds and declines to exercise supplemental jurisdiction over plaintiff's remaining state-law claims, the Court need not reach the issue of the sufficiency of service of process. If they so choose, defendants may raise this issue in state court upon remand. *See Chiancone v. City of Akron*, No. 5:11-cv-337, 2011 WL 4436587, at *5 (N.D. Ohio Sept. 23, 2011) ("Removal, however, does not waive any defenses that a defendant may have.") (citing *Ditkof v. Owens-Illinois, Inc.*, 114 F.R.D. 104, 105 (E.D. Mich. 1987) (holding that removal did not waive the defendant's objection that he had never been served with process)).

*sponte* review of the complaint to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) ("A district court is required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel as the statute does not differentiate between various civil actions brought by prisoners"), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 206 (2007).

### A. Legal Standard

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). A complaint filed by

4

a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under, in relevant part, § 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

    **B.**    **Plaintiff's Complaint**

Plaintiff alleges that in late 2017 or early 2018 he was shopping with his fiancé's two

5

young grandchildren at a Wal-Mart store in Cincinnati, Ohio. He alleges that one of the children pulled the tag off of some shoes, that he notified the cashier of the removed tag before checking out, and that the cashier indicated that it would not be a problem. Plaintiff claims that he then paid for the merchandise but was stopped on the way out of the store by store security officers for suspected shoplifting. He alleges that he and the children were detained in a small room at the front of the store until the police arrived. Plaintiff alleges that the police reviewed the "cameras" and "cleared" him. Plaintiff further alleges that he then paid for the shoes[4] and that store management apologized, "cleared," and released him. He claims that both he and the children were upset by the events. (Doc. 2, at PageID 25-26).

       **C.**     **Plaintiff's Federal Claim Should Be Dismissed**

For the below reasons, plaintiff has failed to state a federal claim for relief under 42 U.S.C. §§ 1981, 1982, 1983 and 1985. (Doc. 2, at PageID 28).

The Court first considers plaintiff's claim under § 1981 and § 1982. Section 1981 encompasses racial discrimination in contractual relationships and § 1982 addresses discrimination in property transactions. *See* 42 U.S.C. §§ 1981, 1982. *See also Morris v. Office Max, Inc.*, 89 F.3d 411, 413 (7th Cir. 1996). Neither of these statutes are relevant to plaintiff's claims of wrongful detainment at Wal-Mart.

Nor has plaintiff stated a claim under 42 U.S.C. § 1985. Subsection (1) of § 1985 addresses conspiracies to prevent an officer from performing his or her duties. 42 U.S.C. § 1985(1). Subsection (2) addresses conspiracies to obstruct justice or to intimidate a witness.

---

[4]It is not clear from the complaint whether plaintiff alleges that he paid for the shoes again or that he thought he had previously paid for then. (*See* Doc. 2, at PageID 26) ("Then plaintiff paid for the other boots or shoes as he had plenty of money, thought they was already paid for and he wanted his grandbabies to have them.").

42 U.S.C. § 1985(2). Subsection (3) addresses conspiracies to deprive persons or classes of persons of the equal protection of the laws. 42 U.S.C. § 1985(3). None of the subsections of § 1985 is applicable to plaintiff's claim. Further, § 1985 requires a showing of a conspiracy between two or more persons. Plaintiff has failed to plead a conspiracy in this case. *See Ashiegbu v. Purviance*, 76 F. Supp.2d 824, 830 (S.D. Ohio 1998) (stating that a plaintiff must plead a civil rights conspiracy charge with factual specificity).

Similarly, plaintiff has failed to state a claim under 42 U.S.C. § 1983. To recover under § 1983, the plaintiff must allege "(1) deprivation of a right secured by the federal Constitution or laws of the United States, and (2) that the deprivation was caused by a person while acting under color of state law." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991). Generally, a claim brought against private parties acting in their individual capacities is not actionable under § 1983. *Lindsey v. Detroit Entm't,* LLC, 484 F.3d 824, 827 (6th Cir. 2007). However, "a private actor acts under color of state law when its conduct is 'fairly attributable to the state.'" *Id*. (quoting *Romanski v. Detroit Entm't, LLC.*, 428 F.3d 629, 636 (6th Cir. 2005)).

The Sixth Circuit applies three tests developed by the Supreme Court to determine the existence of state action in a particular case: (1) the public function test, (2) the state compulsion test, and (3) the symbiotic relationship or nexus test. *Collyer v. Darling*, 98 F.3d 211, 232 (6th Cir. 1996). The public function test requires that a private entity "exercise powers which are traditionally reserved to the state, such as holding elections . . . or eminent domain." *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992) (internal citations omitted). The state compulsion test "requires 'proof that the state significantly encouraged or somehow coerced the private party, either overtly or covertly to take a particular action so that the choice is really that of the

7

state.'" *Dubec v. Green Oak Twp.*, 482 F. App'x 128, 132 (6th Cir. 2012) (quoting *Am. Postal Workers Union, Local 96 v. City of Memphis*, 361 F.3d 898, 905 (6th Cir. 2004)). "Under the nexus test, the action of a private party constitutes state action when there is a sufficiently close nexus between the state and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself." *Lansing v. City of Memphis*, 202 F.3d 821, 830 (6th Cir. 2000) (quoting *Wolotsky*, 960 F.2d at 1335).

Plaintiff has failed to state a claim for relief against the defendants. The defendants are private actors, and plaintiff has not alleged facts that show that their actions are fairly attributable to the state. The public function test is not satisfied because "[a] merchant's detention of persons suspected of stealing store property simply is not an action exclusively associated with the state [because] . . . [a] storekeeper's central motivation in detaining a person whom he believes to be in the act of stealing his property is self-protection, not altruism.'" *Chapman v. Higbee Co.*, 319 F.3d 825, 834 (6th Cir. 2003) (quoting *White v. Scrivner Corp.*, 594 F.2d 140, 142-43 (5th Cir. 1979)). The state compulsion test is not satisfied because there are no facts to suggest that the state encouraged or coerced the alleged wrongful conduct. To the contrary, plaintiff alleges that when the police arrived at the store they "cleared" him after reviewing camera footage. For the same reason, there are no facts to suggest a close nexus between the state and the alleged wrongful conduct. A private actor does not become a state actor merely by placing a call to police concerning a suspected shoplifting. *Boykin v. Van Buren Tp.*, 479 F.3d 444, 452 (6th Cir. 2007). Plaintiff similarly has failed to allege any facts from which the Court can determine that the John Doe defendants are state actors.

Because plaintiff has failed to allege that his detention at Wal-Mart was "fairly

8

attributable" to the state, plaintiff has failed to state a cognizable § 1983 claim. *See Hopson v. Wal-Mart*, No. 5:05-cv-237, 2006 WL 939004, at *2-3 (W.D. Ky. Apr. 10, 2006) (dismissing at screening stage plaintiff's § 1983 claims arising out of the plaintiff's alleged wrongful detention for suspected shoplifting).

### D.     Plaintiff's State Law Claims Should Be Remanded to the State Court.

Plaintiff asserts claims against the defendants for "wrongful or illegal detainment," "negligence," "slander," and "defamation of character." (Doc. 2, at PageID 25). Generally, "[a] federal court that has dismissed a plaintiff's federal-law claims should ordinarily not reach the plaintiff's state-law claims." *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006). Indeed, the Sixth Circuit "applies a strong presumption against the exercise of supplemental jurisdiction once federal claims have been dismissed—retaining residual jurisdiction 'only in cases where the interest of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues.'" *Packard v. Farmers Ins. Co of Columbus*, 423 F. App'x 580, 585 (6th Cir. 2011) (quoting *Moon*, 465 F.3d at 728).

Given this Court's recommendation that plaintiff's sole federal law claim be dismissed, and given the early stages of this lawsuit, the Court should decline to exercise supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c). *See also Duff v. Yount*, 51 F. App'x 520, 521-22 (6th Cir. 2002) (affirming district court's decision declining jurisdiction over plaintiff's supplemental state law claims and remanding those claims to state court once it found no basis upon which to exercise federal jurisdiction). Therefore, plaintiff's state law claims against the defendants should be remanded to the Hamilton County Court of

9

Common Pleas.

Accordingly, in sum, plaintiff's federal claims against all defendants should be **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii). Plaintiff's state law claims against all defendants should be **REMANDED** to the Hamilton County Court of Common Pleas for further proceedings pursuant to 28 U.S.C. §§ 1367(c). In light of this recommendation, it is further **RECOMMENDED** that the parties' various motions (Docs. 3, 5, & 10-15) be **DENIED without prejudice** to the parties reasserting them as appropriate upon remand in state court.

## IT IS THEREFORE RECOMMENDED THAT:

1. The petition for removal of a state court action (Doc. 1) to this federal court be **GRANTED**.

2. Plaintiff's sole federal claim against the defendants be **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii).

3. Plaintiff's state law claims against the defendants be **REMANDED** to the Hamilton County Court of Common Pleas for further proceedings pursuant to 28 U.S.C. § 1367(c).

4. The parties' various motions (Docs. 3, 5, & 10-15) be **DENIED without prejudice** to the parties reasserting them as appropriate upon remand in state court.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

JAMES W.D. WILLIAMS, IV,  　　　　　　　　Case No. 1:18-cv-518
　　　Plaintiff,

　　　　　　　　　　　　　　　　　　　　　Barrett, J.
　vs　　　　　　　　　　　　　　　　　　　Bowman, M.J.

WALMART'S, PRESIDENT, et al.,
　　　Defendants.
　　　　　　　　　　　　　　　　**NOTICE**

　　　Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

11