THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION CINCINNATI

JAMES W.D. WILLIAMS, IV,

    Plaintiff,

vs.

WALMART'S, PRESIDENT, et al.,

    Defendants.

Case No.1:18-CV-00518-MRB

Judge Michael R Barrett

**ORDER**

This matter is before the Court on Magistrate Judge Bowman's September 21, 2018 Report and Recommendation ("Report") (Doc. 18) and Plaintiff's objections to the same. (Docs. 21, 24).

The magistrate judge recommends that the petition for removal of a state court action (Doc. 1) be granted; that the Plaintiff's federal claim be dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii); that Plaintiff's state law claims be remanded to the Hamilton County Court of Common Pleas; and that the parties' motions (Docs. 3, 5, 10-15) be denied without prejudice. (Doc. 18, PageID 122).

**I.    BACKGROUND**

The magistrate judge summarized Plaintiff's factual allegations, which are repeated here only to the extent necessary to address Plaintiff's objections. On July 27, 2018, Plaintiff filed a complaint asserting claims of Wrongful or Illegal Detainment, Negligence, Slander, and Defamation of Character against various Wal-Mart

1

employees. (Doc. 2). Plaintiff further asserted that Defendants are liable for Cruel and Unusual Punishment. (Docs. 2, 18).

The Complaint stems from Plaintiff's trip to a Cincinnati Wal-Mart with his two grandchildren, who allegedly pulled price tags off of some merchandise. (Docs. 2, 18). Plaintiff alleges that he placed all merchandise on the counter after informing the cashier that his grandchildren ripped off the tags, then paid for the items. (Doc. 2, PageID 25). Plaintiff contends that, after paying, he took the items that were bagged by the cashier. (Doc. 2, PageID 25).

After completing the transaction, Plaintiff claims that he and his grandchildren were stopped by store security and accused of shoplifting. (Doc. 2, PageID 26). According to Plaintiff, he and his grandchildren were then placed in a room until police reviewed cameras, "cleared" them, and allowed Plaintiff to pay for the shoes that Plaintiff believed were included and paid for in the previous transaction. (Doc. 2, PageID 26).

## II. STANDARD OF REVIEW

This Court shall consider objections to a magistrate judge's order on a nondispositive matter and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the

recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

### III. ANALYSIS

The magistrate judge concluded that Plaintiff's sole federal claim of Cruel and Unusual Punishment fails, because a cause of action for a constitutional violation may only be asserted against individuals acting under color of state law. Because all Defendants were private actors, the magistrate judge recommended that the constitutional claim be dismissed with prejudice, and that the remainder of the claims be remanded to state court.

Plaintiff agrees with the legal reasoning of the Report and supports its adoption (Docs. 21, 24), but disagrees with Defendants' characterization of the underlying facts. (Doc. 24, PageID 148-149). However, the factual disputes result in a distinction without a difference. The magistrate judge did not accept or endorse Defendants' factual representations. Absent an objection to the legal analysis of the Report, this Court finds no reason to reject the recommendation of the magistrate judge. Furthermore, based on an independent review of the papers, this Court must reach the same conclusion as the magistrate judge: a cause of action for a constitutional violation may only be asserted against a person acting under color of state law. 42 U.S.C. § 1983. The magistrate judge correctly concluded that the Defendants were private actors, so the federal claim fails.

Therefore, the Court agrees with the magistrate judge's recommendation to remand the state law claims of Wrongful or Illegal Detainment, Negligence, Slander,

and Defamation of Character to the Hamilton County Court of Common Pleas upon dismissal of the single federal claim. 28 U.S.C. § 1367(c).

IV.     CONCLUSION

Therefore, the Court **ADOPTS** the magistrate judge's report and recommendation. While the Petition (Doc. 1) for removal is **GRANTED**, Plaintiff's sole federal claim is **DISMISSED WITH PREJUDICE**. Plaintiff's state law claims are **REMANDED** to the Hamilton County Court of Common Pleas. The motions pending on the docket (Docs. 3,5, 10-15) are **DENIED WITHOUT PREJUDICE** to the parties reasserting them, if appropriate, in state court.

**IT IS SO ORDERED.**

*[signature]*
Hon. Michael R. Barrett
United States District Judge